IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| KEVIN ALEXANDER GIRON LINARES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-962 (AJT-WBP) |
| | ) | |
| MARKWAYNE MULLIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**<u>ORDER</u>**

Before the Court is Kevin Alexander Giron Linares' ("Petitioner") Petition for Writ of

Habeas Corpus ("Petition"), filed on April 8, 2026. [Doc. No. 1]. By order dated April 10, 2026,

the Court ordered the Government to respond to the Petition within six days, [Doc. No. 2], and

Respondents timely responded that the factual and legal issues presented in the Petition *mostly* do

not differ in any material fashion from those presented in *Maravilla Martinez v. Simon et al.,* 1:25-

cv-01856-AJT-WEF (E.D. Va. Feb. 20, 2026), or the other opinions of this Court cited therein.

[Doc. No. 4].

Petitioner is a citizen of El Salvador, who is alleged to have entered the United States

without inspection in 2016 at age sixteen; he was shortly apprehended by immigration officials,

taken into the custody of the Office of Refugee Resettlement as an unaccompanied minor, and then

released into the custody of a relative. [Petition] ¶¶ 12-13. He has since remained continuously in

the United States. *Id.* ¶ 13. On July 23, 2024, Petitioner was ordered removed to El Salvador by

an Immigration Judge, but his removal was deferred pursuant to the U.N. Convention Against

Torture. [Doc. No. 4-1]. He was then detained for the 90-day removal period and released on an

1

Order of Supervision on October 21, 2024. [Doc. No. 1-5]. On April 2, 2026, Petitioner was arrested by immigration officials and eventually taken to the Farmville Detention Center, where he remains. [Petition] ¶ 13. Five days after his re-detention, Respondents issued Petitioner a Notice of Revocation of Release. [Doc. No. 4-2]. Petitioner alleges that since his re-detention, he has not been provided with a bond hearing. [Petition] ¶¶ 46-48.

Respondents in their Notice in response to the Court's initial order contended that the instant Petition is distinguishable from *Maravilla* in several ways, including (1) that Petitioner was deemed removable by an Immigration Judge for committing an aggravated felony (see [Doc. No. 4-1]); (2) that he has been detained for less than the presumptively-constitutional six month period set forth in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); (3) that unlike the petitioner in *Maravilla,* whose Notice of Revocation of Release was signed by an official who lacked authority to do so, Petitioner's notice was signed by Field Office Director Robert Guadian [Doc. No. 4-2]; and (4) Petitioner received notice of his third country removal to Mexico. [Doc. No. 4-3].

However, Respondents concede that it is appropriate for the Court to incorporate *Maravilla's* filings into this action (*Id.*), and the Court agrees that these distinctions do not bar Petitioner from receiving the relief awarded in *Maravilla*. As Petitioner notes ([Doc. No. 5] at 2), although Field Office Director Guadian signed the April 7 revocation notice, Respondents do not contest that the notice fails to comply with 8 C.F.R. § 241.4(l) in the same respects this Court identified in *Maravilla*, namely that the Notice did not include an express determination that revocation of Petitioner's release was in the public interest, nor meaningfully explain the factual basis for his re-detention; also, Petitioner was not granted an advance or contemporaneous opportunity to respond to those purported reasons.[1] *See Maravilla*, 1:25-cv-01856 at 8.

---

[1] Although Petitioner's Notice of Revocation of Release does state that Petitioner would be given an informal

In light of the foregoing, the Court determines, as it did in *Maravilla*, that Petitioner has made the required showing of a due process violation under the *Accardi* doctrine based on these deficiencies in its notice of revocation and he is therefore entitled to release from custody.[2] Accordingly, the Petition is **GRANTED**, and it is hereby

**ORDERED** that U.S. Immigration and Customs Enforcement's April 7, 2026 Notice of Revocation of Release [Doc. No. 4-2] be, and the same, hereby is, **VACATED**; and it is further

**ORDERED** that Respondents shall release Petitioner from detention immediately with all his personal belongings and place him under his prior Order of Supervision; and it is further

**ORDERED** that Petitioner must live at a fixed address he must provide to Respondents upon release; and it is further

**ORDERED** that Respondents are **ENJOINED** from re-detaining the Petitioner based on a revocation of his Order of Supervision without first complying in all respects with the applicable regulations concerning the revocation of his Order of Supervision, as identified herein, including, without limitation, stating in the Notice the specific factual basis for any claim of "change in circumstances," and if the stated change in circumstances relates to a significant likelihood of removal in the reasonably foreseeable future, the factual basis for that claimed change, including what efforts have been made to locate a country for removal, the name of the country to which Petitioner will be removed and the authorizations received from that country for that removal.

---

interview to respond to the revocation on the Notice's date of issuance (April 7, 2026), Respondents' Notice [Doc. No. 4] does not represent that this interview in fact took place, and do not contend that this case is distinguishable from *Maravilla* on that basis.

[2] Because the Court determines that Petitioner's *Accardi* claim is meritorious and is fully dispositive of the Petition, it is not necessary to consider the validity of his *Zadvydas* claim or Respondents' first, second, and fourth distinctions above, which appear to relate only to the *Zadvydas* analysis.

All other claims and forms of relief requested in the Petition are denied without prejudice.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

_____
Anthony J. Trenga
Senior U.S. District Judge

Alexandria, Virginia
May 20, 2026